

**FILED**
**FEBRUARY 1, 2024**
In the Office of the Clerk of Court
WA State Court of Appeals Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 39417-4-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSE ANTONIO CONTRERAS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

COONEY, J. — After being resentenced on a conviction for first degree arson, Jose

Contreras appeals the imposition of the $100 DNA collection fee and the $500 victim

penalty assessment (VPA). The State concedes Mr. Contreras's assignments of error.

We remand for the trial court to strike the fees from the judgment and sentence.

BACKGROUND

Mr. Contreras previously appealed his 2018 first degree arson conviction to this

court.[1] We affirmed his conviction but remanded to the trial court to strike certain legal

financial obligations (LFOs), including the DNA collection fee. Then, in August 2022,

_____

[1] *State v. Contreras*, No. 35975-1-III, (Wash. Ct. App., June 13, 2019)
(unpublished), https://www.courts.wa.gov/opinions/pdf/359751_unp.pdf.

No. 39417-4-III
*State v. Contreras*

this court granted Mr. Contreras's personal restraint petition in which he sought resentencing pursuant to *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021).[2]

Mr. Contreras was resentenced under a recalculated offender score. At resentencing, the court imposed the "$500.00 victim assessment and the $100.00—$100.00 DNA fee collection for a total of $600.00 in fees." Rep. of Proc. at 25.[3]

Mr. Contreras appeals.

ANALYSIS

Mr. Contreras argues that the VPA and DNA collection fees imposed on him should be struck from his judgment and sentence. Newly enacted statutes generally apply to all cases pending on direct appeal that are not yet final. *State v. Jefferson*, 192 Wn.2d 225, 246, 429 P.3d 467 (2018) (citing *Landgraf v. USI Film Prods.*, 511 U.S. 244, 275, 114 S. Ct. 1483, 128 L. Ed. 2d 229 (1994)); *State v. Pillatos*, 159 Wn.2d 459, 470, 150 P.3d 1130 (2007). Because Mr. Contreras's case is pending on direct appeal, we apply the recently enacted and recently amended statutes and remand to have both fees struck from the judgment and sentence.

---

[2] *In re Pers. Restraint of Contreras*, No. 38476-4-III, (Wash. Ct. App., Aug. 11, 2022) (unpublished), https://www.courts.wa.gov /opinions/pdf/384764_unp.pdf.

[3] An order striking the $100 DNA collection fee was filed in February 2020 pursuant to our opinion in *State v. Contreras*, No. 35975-1-III, (Wash. Ct. App., June 13, 2019) (unpublished), https://www.courts.wa.gov/opinions/pdf/359751_unp.pdf, yet the fee reemerged in his 2023 judgment and sentence following his *Blake* resentencing. Clerk's Papers at 87-94, 163-64.

No. 39417-4-III
*State v. Contreras*

VICTIM PENALTY ASSESSMENT

Former RCW 7.68.035(1)(a) (2018) required a VPA be imposed on any individual found guilty of a crime in superior court. In April 2023, the legislature passed Engrossed Substitute H.B. 1169 (H.B. 1169), 68th Leg., Reg. Sess. (Wash. 2023), that amended RCW 7.68.035 to prohibit the imposition of the VPA on indigent defendants. RCW 7.68.035 (as amended); H.B. 1169, § 4. H.B. 1169 took effect on July 1, 2023.

Mr. Contreras's case is pending on direct appeal and not yet final, thus he enjoys the benefit of the amended statute. Though the trial court did not check the indigency box on Mr. Contreras's judgment and sentence, it appeared to find him indigent because it imposed only what it seemed to believe were nondiscretionary LFOs. With this implied finding of indigency, we remand to have the VPA struck from the judgment and sentence.

DNA COLLECTION FEE

Similarly, pursuant to former RCW 43.43.7541 (2018), the trial court was required to impose a $100 DNA collection fee for every sentence imposed for the crimes specified in RCW 43.43.754. Effective July 1, 2023, the legislature amended RCW 43.43.7541 by eliminating language that made imposition of the DNA collection fee mandatory. *See* LAWS OF 2023, ch. 449, § 4. Again, the new statute applies to Mr. Contreras's case because it is pending on direct appeal. Therefore, we remand for the DNA collection fee to be struck from the judgment and sentence.

3

No. 39417-4-III
*State v. Contreras*

Remanded to the trial court to strike the VPA and DNA collection fees from Mr. Contreras's judgment and sentence.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Cooney, J.

WE CONCUR:

Lawrence-Berrey, A.C.J.

Pennell, J.